DANIEL R. MCNUTT
Nevada Bar No. 7815
MATTHEW C. WOLF
Nevada Bar No. 10801
CARBAJAL & MCNUTT, LLP
625 South Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-1170
Facsimile: (702) 384-5529
drm@cmlawnv.com
mcw@cmlawnv.com

Attorneys for Defendant Matthew Goatcher

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MYSCHOOL, INC., a Nevada Corporation; JOSEPH CARPENTER, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>JUDD LILLESTRAND, an individual; MATTHEW GOATCHER, an individual; ANGELES CREST WEB, LLC; Doe Individuals I through X, and Roe Corporations I through X,<br><br>        Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332** |

PLEASE TAKE NOTICE that Defendant Matthew Goatcher hereby gives notice of removal of this action to the United States District Court for the District of Nevada from the Eighth Judicial District Court in and for Clark County, Nevada.  This Notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

This removal is based upon the existence of complete diversity and is made pursuant to 28 USC 1441, 28 USC 1446, and 28 USC 1332.

**I.     PLEADINGS.**

1.     On August 6, 2015, Plaintiffs Myschool, Inc. and Joseph Carpenter ("Plaintiffs") commenced an action against Defendants in the Eighth Judicial District Court of the State of Nevada for Clark County, case no. A-15-722756-C entitled *Myschool, Inc., et al., v. Judd Lillestrand, et al*.  A true and correct copy of the complaint from the state court action is attached hereto as Exhibit A.

2.   Defendant Matthew Goatcher was served with a copy of the complaint in California on September 10, 2015.  The other defendants have not been served to date.  No defendant has answered or otherwise responded to the complaint.  Matthew Goatcher's response to the complaint is due on September 30, 2015.

## II.   SERVICE OF PROCESS / TIMELINESS OF REMOVAL / JOINDER IN OR CONSENT TO REMOVAL.

3.   Removal is timely under 28 U.S.C. 1446(b). The notice of removal may be filed within thirty days after receipt, by service or otherwise, by a defendant of a copy of a complaint.  28 U.S.C. 1446(b).  On September 10, 2015, Defendant Matthew Goatcher was served with a copy of the complaint.  This is the first date by which a defendant received a copy of the complaint by service or otherwise.

4.   Written notice of the filing of this Notice of Removal will be served and a copy will be filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada, promptly after this Notice of Removal is filed, as required by 28 U.S.C. §1446(d).

5.   "In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'"  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (quoting *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986)).  This requirement is met if at least one attorney of record signs the notice and certifies the remaining defendants consent to removal.  *Proctor*, 584 F.3d at 1224.  Though Mr. Goatcher is the only defendant who has been served to date, the undersigned counsel represents that all expressly named defendants in this action have joined in or consented to removal.

## III.   PARTIES AND CITIZENSHIP.

6.   The Parties to this lawsuit are (1) Plaintiffs Joseph Carpenter and Myschool, Inc. ("Myschool"), and (2) Defendants Judd Lillestrand, Matthew Goatcher, and Angeles Crest Web, LLC ("ACW").

7.     ***Natural Persons as Parties*** - A natural person is considered citizen of the state where the person is domiciled - that is, where the person resides with the intent to remain. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

    a.     The Complaint alleges Defendants Judd Lillestrand and Matthew Goatcher are residents of the state of California.  (Compl. ¶ 3-4.)  The undersigned counsel has been informed this allegation is correct.

    b.     The Complaint alleges Plaintiff Joseph Carpenter is a Nevada resident. (Compl. ¶ 1.)

8.     ***Limited Liability Companies*** – The Complaint alleges ACW "is upon information and belief a California business entity." (Compl. ¶ 5.)  ACW is a California limited liability company. (Ex. B, True and Correct Printout from the California Secretary of State.)  "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The undersigned counsel has been informed Mr. Goatcher is ACW's sole member, and Mr. Goatcher is a resident of California.  ACW therefore is a resident of California.

9.     ***Corporations*** – A corporation is considered to be a citizen of (1) every U.S. state and foreign state where it is incorporated and (2) the U.S. state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its nerve center, meaning the place where high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 777 92-93 (2010).  Per the Complaint's allegations, Myschool is a Nevada resident because it "is a Nevada corporation with its principal place of business in Nevada." (Compl. ¶ 2.)

### IV.     BASIS FOR REMOVAL.

1.     Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district and division embrace the place in which the removed action has been pending.

2.     The diversity of citizenship requirements of 28 USC 1332(a) are satisfied.

3.      The amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 USC 1332(a):

    a.      The Complaint does not request a specific amount of damages.  It says in the caption that damages exceed $50,000.00. (Compl., pg. 1.)  "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional threshold.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Singer*, 116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir.1995)).

        i.      Plaintiffs allege that "Defendants collectively overbilled Plaintiffs in excess of $60,000. During said time frame, Plaintiffs paid Defendants in the approximate amount of $55,000.00 for alleged services billed by Defendants."  (Compl. ¶ 41.)

        ii.      Plaintiffs also seek punitive damages. (Compl. ¶ 93.)  'It is well established that punitive damages are part of the amount in controversy in a civil action.'  In considering whether the punitive damages sought will make the amount in controversy meet the jurisdictional requirement, the Supreme Court has held that it must appear 'to a legal certainty from the complaint that [the Plaintiff] could not recover ... sufficient punitive damages to make up the requisite [jurisdictional amount].'"  *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) (internal citations omitted).

        iii.      Nev. Rev. Stat. § 42.005(1)(b) permits punitive damages in the amount of "[t]hree hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000."  Plaintiffs allege Defendants made false representations "with the sole intention of inducing Plaintiffs to surrender monies to Defendants."  (Compl. ¶ 90.)  The "surrendered monies" presumably would be the $55,000.00 Plaintiffs allegedly paid Defendants. (Compl. ¶ 41.)  If Plaintiffs were to establish this amount in compensatory damages and were to establish their

entitlement to punitive damages, then Plaintiffs could recover up to $300,000.00 in punitive damages under Nev. Rev. Stat. § 42.005(1)(b). Plaintiffs also seek special damages, attorney's fees, and costs. (Compl. pg. 14.) Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as required under 28 U.S.C.A. § 1332(a).

WHEREFORE, Defendant Matthew Goatcher requests that this action now pending against him in the District Court of Nevada, Clark County proceed in this court as an action properly removed to it.

DATED this 18th day of September, 2015.

CARBAJAL & MCNUTT, LLP

*/s/ Matt Wolf*
DANIEL R. MCNUTT
Nevada Bar No. 7815
MATTHEW C. WOLF
Nevada Bar No. 10801
625 South Eighth Street
Las Vegas, Nevada 89101

Attorneys for Defendants

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that pursuant to F.R.C.P. 5 on the 18th day of September, 2015, I caused service of the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332** by mailing a copy by United States Postal Service, postage prepaid and/or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address and e-mail:

Robert Z. DeMarco
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada  89101
Attorney for Plaintiffs

                                            */s/ Lisa A. Heller*
                                            Employee of Carbajal & McNutt, LLP