# Exhibit A

Electronically Filed
08/06/2015 02:53:00 PM

CLERK OF THE COURT

COMP
**ROBERT Z. DEMARCO, ESQ.**
Nevada Bar No. 12359
**CHESNOFF & SCHONFELD**
520 South Fourth St.
Las Vegas, Nevada 89101
Telephone No.: (702) 384-5563
Attorney for Plaintiffs

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MYSCHOOL, INC., a Nevada Corporation; )
JOSEPH CARPENTER, an individual, )
    )
        Plaintiffs, )
    )   Case No.  A-15-722756-C
v.  )   Dept. No.
    )               XVI
JUDD LILLESTRAND, an individual; )
MATTHEW GOATCHER, an individual; )
ANGELES CREST WEB, LLC; )
Doe Individuals I through X, and )
Roe Corporations I through X, )   **EXEMPT FROM ARBITRATION:**
    )
    )   DECLARATORY RELIEF REQUESTED;
        Defendants. )   DAMAGES IN EXCESS OF $50,000.00
    )
    )

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs MYSCHOOL, INC., a Nevada Corporation ("MYSCHOOL"), and JOSEPH CARPENTER ("CARPENTER"), by and through their undersigned counsel of record, ROBERT Z. DEMARCO of the law office of CHESNOFF & SCHONFELD, and for their Complaint state as follows:

### PARTIES

1. PLAINTIFF JOSEPH CARPENTER is an individual with his principle place of residence in the State of Nevada.

1

2. PLAINTIFF MYSCHOOL, INC., is a Nevada corporation with its principal place of business in Nevada.

3. DEFENDANT JUDD LILLESTRAND ("Defendant Judd") is upon information and belief, a resident of California.

4. DEFENDANT MATTHEW GOATCHER ("Defendant Matthew") is upon information and belief, a resident of California.

5. DEFENDANT ANGELES CREST WEB is upon information and belief a California business entity.

6. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated as Does I through X, and Roe Corporations I through X, are unknown at the present time; however, it is alleged and believed that these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which it is presently unaware. As the specific identities of these parties are revealed through the course of discovery, the Doe and Roe appellations will be replaced to identify these parties by their true names and capacities.

7. All of the acts or failures to act alleges herein were duly performed by and are attributable to Defendants acting by and through their agents and employees. Said acts and failures to act were within the scope of said agency and/or employment, and Defendants ratified said acts and omissions.

8. All conduct of Doe Defendants and Roe Corporation Defendants as alleged herein was on each other's behalf, within the course and scope of agency each for the other, and all conduct of each was within the course and scope of that partnership or joint venture.

2

## JURISDICTION

9. The amount in controversy is in excess of Ten Thousand Dollars ($10,000.00); and Plaintiffs seek declaratory relief.

10. Venue is proper in Clark County, Nevada pursuant to N.R.S. §13.010 and 13.040 because: 1) the transactions and representations at issue in this lawsuit occurred there; 2) the events or omissions giving rise to the claim occurred there; and 3) Plaintiff's damages were suffered there.

## VENUE

11. That Defendants were contracted to provide services to Plaintiffs, MYSCHOOL, a Nevada corporation, and CARPENTER, a Nevada resident.

12. That venue is proper in the Eighth Judicial District Court, Clark County, Nevada, pursuant to NRS 13.010 because Defendants contracted to perform an obligation in Clark County.

13. That to the extent NRS 13.010 does not apply, venue is proper in the Eighth Judicial District Court, Clark County, Nevada, pursuant to NRS 13.040 because Defendants do not reside in Nevada.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

14. That Plaintiffs are informed and believe that at all times relevant herein, that Defendants caused events complained of herein to occur in Clark County, Nevada.

15. That in or about 2012 CARPENTER met Defendant Judd in Las Vegas while Defendant Judd was the founder of a Las Vegas Ruby group. During relevant times, CARPENTER was attending Ruby group meetings while looking for a programmer for Plaintiffs' Myschool web application. When CARPENTER met Defendant Judd, Judd held himself out as a Ruby on Rails expert.

16. That in or about July 2014, Plaintiffs offered to pay Defendant Judd $100.00 an hour to perform a code audit of Plaintiffs' then-existing Myschool web application.

3

17. That in or about July 2014, Defendant Judd accepted said offer, and began performing a code audit.

18. After performing said code audit in or about August 2014, Defendant Judd represented that Plaintiffs' prior programmers' work on the Myschool web application code base was "overly complicated" and "difficult to understand." Defendant Judd further represented to Plaintiffs that the Myschool web application should be completely rebuilt due to alleged flaws in the prior programming.

19. Relying on Defendant Judd's representations, in or about August 2014, Plaintiffs offered to pay Defendant Judd $100.00 an hour to perform web application design services for Plaintiffs' web application, Myschool.com (the "Judd Offer").

20. That in or around August 2014, Judd accepted the Offer (the Offer and said acceptance known herein as the "Judd Contract") and communicated said acceptance to Plaintiffs.

21. That in or about August 2014, Judd, knowing that he did not have sufficient coding ability to perform the services and features requested by Plaintiffs, recommended that Plaintiffs hire Defendant Matthew and his entity Angeles Crest Web to assist in the development of Plaintiffs' Myschool web application.

22. In or about August 2014, Defendant Judd agreed with Defendants Matthew and his entity Angeles Crest Web to work in a joint venture in the development of Plaintiffs' Myschool web application.

23. In or about August 2014, Plaintiffs offered to pay Defendant Matthew and his entity Defendant Angeles Crest Web $100.00 an hour to perform software development services for Plaintiffs (the "Matthew/Angeles Offer").

4

24. That in or about August 2014, Defendant Matthew and his entity Angeles Crest Web accepted the Offer (the Offer and said acceptance known herein as the "Matthew/Angeles Contract". Defendants Matthew and his entity Angeles Crest Web communicated the acceptance of the Offer to Plaintiffs.

25. The Judd Contract and the Matthew/Angeles Contract are hereinafter collectively referred to as "the Contracts."

26. The Defendants negotiated the terms and provisions of the respective contracts with Plaintiffs MYSCHOOL, a Nevada corporation, and Plaintiff Carpenter a Nevada resident.

27. That at the time Defendants entered into their respective contracts, Defendants knew that Plaintiff MYSCHOOL, was a Nevada corporation, and that Plaintiff Carpenter was a Nevada resident.

28. That Defendants acted as independent contractors for Plaintiffs.

29. That personal jurisdiction by this Court over Defendants is proper because Defendants entered into contracts with Plaintiffs, a Nevada corporation and a Nevada resident, respectively.

30. Plaintiffs and Defendants originally agreed that Plaintiffs' Myschool web application was to be operating and functional according to Plaintiffs' requests by approximately late October/early November 2014.

31. Before commencing work, Plaintiffs provided Defendants with a list of features required for Myschool web application. Defendants understood and agreed that said features were required for said web application.

32. Plaintiffs were given an estimate of $30,000 by Defendant Judd as to the total cost needed to ensure that Myschool web application was functional and operating.

33. That in accordance with the contracs, Defendants were required to perform software development services based on specifications given by Plaintiffs.

5

34. That in accordance with the Contracts, Defendants were required to devote as much productive time, energy, and ability to the performance of its duties hereunder as may be necessary to provide the required services in a timely and productive manner.

35. That in accordance with the Contracts, Defendants were required to perform the services in a safe, good, and workmanlike manner by fully-trained, skilled, competent, and experienced personnel using at all times adequate equipment in good working order.

36. That in accordance with the Contracts, Defendants were required to communicate with Plaintiffs regarding progress Defendants made in performing the services.

37. That in accordance with the Contracts, Defendants were required to provide services that are satisfactory and acceptable to Plaintiffs.

38. That in or about late October/early November 2014 Plaintiffs did not receive the developed web application as requested when it hired Defendants. Plaintiffs then requested a completion deadline of on or about January 1, 2015.

39. Thereafter, on or about January 1, 2015, Defendants still did not complete the Myschool web application as requested from Plaintiffs. Plaintiffs then requested a final completion deadline of March 16, 2015.

40. Thereafter, on March 16, 2015, Defendants still did not complete the Myschool web application as requested from Plaintiffs. At this point, Plaintiffs demanded that Defendants immediately cease work on the Myschool web application.

41. That from approximately August 2014 to March 2015, Defendants collectively overbilled Plaintiffs in excess of $60,000. During said time frame, Plaintiffs paid Defendants in the approximate amount of $55,000.00 for alleged services billed by Defendants.

42. That Defendants failed to perform in accordance with the Contracts.

43. That Defendants failed to perform software development services based on specifications given by Plaintiffs.

44. That Defendants failed to devote as much productive time, energy, and ability to the performance of its duties as may be necessary to provide the required services in a timely and productive manner.

45. That Defendants failed to perform the services in a safe, good, and workmanlike manner by fully-trained, skilled, competent, and experienced personnel using at all times adequate equipment in good working order.

46. That Defendants failed to communicate sufficiently with Plaintiffs regarding progress Defendants had made in performing the services.

47. That Defendants failed to provide services that are satisfactory and acceptable to Plaintiffs.

48. That Defendants knew that they could not perform the services and features Plaintiffs contracted for, and fraudulently represented that its bills were justified and would amount to an operating web application in accordance with the parties' agreements.

49. That the software development was not near finalization in or around March 16, 2015.

50. That to date, Defendants coding and work on Plaintiffs' Myschool web application is faulty and not functioning properly due to the acts and omissions of the Defendants, and Plaintiffs have suffered damages as a result of Defendants' acts and omissions regarding their work on said web application.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

51. That Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 of the Complaint as though the same is fully set forth at length herein.

52. That Plaintiff and Defendants entered into the Contracts.

53. That the Contracts constituted valid contracts between Plaintiffs and Defendants.

7

54. That Plaintiffs performed, or was excused from performing, all acts required of Plaintiffs pursuant to the Contracts, including, without limitation, making payments to Defendants.

55. That Defendants breached the contracts by, at a minimum, failing to perform services in a timely and productive manner, to use full-trained, skilled, competent, and experienced personnel, to provide services that are satisfactorily and acceptable to Plaintiffs.

56. That Defendants breached the Contracts by, at a minimum, failing to perform in accordance with the Contracts. Defendants further breached the Contracts by failing to provide a functional and operating Myschool web application as they represented they could.

57. That Plaintiffs has sustained actual damages as a result of Defendants acts as alleged herein, in an amount greater than $10,000.00, and Defendants are liable to Plaintiffs for such damages.

58. That as a direct and proximate result of the above-described conduct on the part of Defendants, it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this matter and, therefore, he is entitled to reasonable attorney's fees and costs of suit herein.

## SECOND CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

59. That Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 58 of the Complaint as though the same is fully set forth at length herein.

60. That implied in every contract is the implied covenant of good faith and fair dealing.

61. That Defendants owed a duty of good faith to Plaintiffs under the Contracts.

62. That in breaching the Contracts as alleged herein, Defendants deliberately contravened the Contracts by, at a minimum, failing to perform services in a timely and productive manner, to use full-trained, skilled, competent, and experienced personnel, to provide services that are satisfactorily and acceptable to Plaintiff.

63. That Defendants have breached the covenant of good faith and fair dealing implied in the Contracts by refusing to honor the terms of the Contracts.

64. That Plaintiffs has sustained actual damages as a result of Defendants acts as alleged herein, in an amount greater than $10,000.00, and Defendants are liable to Plaintiffs for such damages.

65. That as a direct and proximate result of the above-described conduct on the part of Defendants, it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this matter and, therefore, he is entitled to reasonable attorney's fees and costs of suit herein.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

66. That Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 65 of the Complaint as though the same is fully set forth at length herein.

67. That Plaintiffs conferred upon Defendants a benefit relating to Plaintiffs' performance of the contracts.

68. That Defendants appreciated the benefit of Plaintiffs' performance of the Contracts.

69. That Defendants accepted and retained the benefit of Plaintiff's performance of the Contracts to Plaintiffs' detriment.

70. That Defendants appreciation, acceptance, and retention of Plaintiffs' performance of the Contracts caused Defendants to be unjustly enriched.

71. That Plaintiffs have sustained actual damages as a result of Defendants' acts as alleged herein, in an amount greater than $10,000.00, and Defendants are liable to Plaintiffs for such damages.

72. That it is inequitable for Defendants to retain the benefit of Plaintiffs' performance of the contracts without complying with the contracts by, at a minimum, providing services to Plaintiffs that are satisfactory and acceptable.

9

73. That Plaintiffs are entitled to recover an amount by which the Defendants have been unjustly enriched.

74. That as a direct and proximate result of the above-described conduct on the part of Defendants, it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this matter and, therefore, he is entitled to reasonable attorney's fees and costs of suit herein.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

75. That Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 74 of the Complaint as though the same is fully set forth at length herein.

76. That Defendants had a pecuniary interest in the course of entering into the Contracts.

77. That Defendants failed to exercise reasonable care or competence in obtaining or communicating information to Plaintiffs regarding the Contracts.

78. That the information provided by Defendants regarding their skill and ability to complete the Myschool web application in accordance with Plaintiffs' specifications and deadlines was false when made.

79. That the information and justification for Defendants' billing for services to Plaintiffs were false when made.

80. That Plaintiffs justifiably relied on the information as Plaintiff had no reason to believe that the information was inaccurate.

81. That Plaintiffs have sustained actual damages as a result of Defendants acts as alleged herein, in an amount greater than $10,000.00, and Defendants are liable to Plaintiffs for such damages.

10

82. That as a direct and proximate result of the above-described conduct on the part of Defendants, it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this matter and, therefore, he is entitled to reasonable attorney's fees and costs of suit herein.

## FIFTH CAUSE OF ACTION

### (Civil Conspiracy)

83. That Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 82 of the Complaint as though the same is fully set forth at length herein.

84. That Defendants were a combination of two or more persons, who by concerted action, intended to accomplish an unlawful objective of improperly overbilling Plaintiffs for the purpose of harming Plaintiffs which resulted in damages to Plaintiffs.

85. That Plaintiffs have sustained actual damages as a result of Defendants acts as alleged herein, in an amount greater than $10,000.00, and Defendants are liable to Plaintiff for such damages.

86. That as a direct and proximate result of the above-described conduct on the part of Defendants, it has been necessary for Plaintiffs to retain the services of an attorney to prosecute this matter and, therefore, he is entitled to reasonable attorney's fees and costs of suit herein.

## SIXTH CAUSE OF ACTION

### (Misrepresentation/Fraud)

87. That Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 86 of the Complaint as though the same is fully set forth at length herein.

88. Beginning August 2014, Defendants, made fraudulent misrepresentations about their ability to develop Plaintiffs' Myschool web application. Defendants represented that they were competent and skilled in web application development and would be able to complete Plaintiffs' Myschool web application according to Plaintiffs' specifications and deadlines.

Defendants also solicited funds from Plaintiffs under the guise that said Myschool web application would function properly by the deadlines imposed by Plaintiffs.

89. Defendants knew at the time that these representations were false, and that Plaintiffs would rely upon said representations.

90. The representations made by Defendants were false and were made with the sole intention of inducing Plaintiffs to surrender monies to Defendants.

91. Defendants intended to induce Plaintiff to act upon these misrepresentations.

92. Plaintiffs were damaged in an amount in excess of $10,000 by relying upon Defendants' misrepresentations.

93. Defendants' conduct was undertaken with oppression, fraud, or malice, and Plaintiffs are entitled to an award of punitive damages.

94. Plaintiffs justifiably relied on Defendants' statements.

95. It has been necessary for Plaintiffs to retain counsel to prosecute this action, and they are therefore entitled to an award of costs and reasonable attorney's fees incurred herein.

## SEVENTH CAUSE OF ACTION

### (Special Damages/Attorney's Fees and Costs)

96. That Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1 through 95 of the Complaint as though the same is fully set forth at length herein.

97. That Plaintiffs have also incurred attorney's fees as foreseeable and special damages arising from the breaches of the Contracts and Defendants' tortious conduct.

98. That the attorney's fees expended by Plaintiffs are the natural and proximate consequence of the tortious conduct and breaches committed by Defendants.

12

99. In addition to the contractual and statutory rights of Plaintiff to attorney's fees and costs, these attorney's fees and costs are pled as special damages pursuant to NRCP 9(g). *See Sandy Valley Assocs. v. Sky Ranch Estates Ass'n*, 35 P.3d 964 (Nev. 2001).

100. That it has become necessary for Plaintiff to retain the services of an attorney to commence this action and Plaintiff is, therefore, entitled to reasonable attorney's fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Constructive Trust)

101. Paragraphs 1 through 100 are incorporated herein by reference.

102. Defendants unjustly obtained Plaintiffs' monies through excessive overbilling.

103. Defendants' acquisition of Plaintiffs' funds was done with no intent to complete sufficient development of Plaintiffs' Myschool web application in accordance with Plaintiffs' specifications and deadlines.

104. Plaintiffs were unaware that Defendants did not intend to complete sufficient development of Plaintiffs' Myschool web application. It is therefore unconscientious, unconscionable, and unjust for Defendants to retain and enjoy said funds.

105. Plaintiffs are the rightful owner of said funds; therefore it would be inequitable to permit Defendants to retain all of said funds.

106. Plaintiffs as the owner of said funds, and Defendants as the business operators, enjoyed a special relationship, which Defendants violated by overbilling and failing to complete sufficient development of Plaintiffs' Myschool web application in accordance with Plaintiffs' specifications and deadlines.

107. As a direct and proximate result of Defendants' conduct as alleged herein, Defendants have profited unfairly at Plaintiffs' expense.

108. The imposition of a constructive trust over said funds, in the very least, is essential to the effectuation of justice.

109. It has been necessary for Plaintiffs to retain counsel to prosecute this action, and they are therefore entitled to an award of costs and reasonable attorney's fees incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, expressly reserving the right to amend its Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, demands judgment against the Defendants, as follows, upon each cause of action:

1. That this court enters a judgment against Defendants for general damages in excess of $10,000.00;

2. For special damages, including, without limitation, reasonable attorney's fees;

3. For cost of suit;

4. For punitive and exemplary damages in excess of $10,000.00;

5. For incidental damages in excess of $10,000.00;

6. For pre-judgment interest;

7. Declaratory relief pursuant to NRS 33.010 declaring Plaintiffs the rightful owner of Plaintiffs' monies held by Defendants;

8. For a constructive trust over Plaintiffs' monies held by Defendants; and

14

9.   For such other and further relief as this Court may deem just, equitable and proper.

DATED this 5th day of August, 2015.

Respectfully Submitted:

By _____
ROBERT Z. DEMARCO, ESQ.
Nevada Bar No. 12359
CHESNOFF & SCHONFELD
520 South Fourth St.
Las Vegas, Nevada 89101
Telephone No.: (702) 384-5563
*Attorney for Plaintiffs*

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
TELEPHONE 702 · 384-5563

15

## VERIFICATION

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

I, JOSEPH CARPENTER, individually, and on behalf of MYCHOOL, INC., a Nevada Corporation, having been duly sworn, under penalties of perjury, depose and says:

That I am a Plaintiff in the above-entitled action and I have read the foregoing Complaint and know the contents thereof.

That the same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

_____
JOSEPH CARPENTER, individually, and on behalf of MYCHOOL, INC., a Nevada Corporation

State of Nevada
County of Clark
SUBSCRIBED AND SWORN to before me this 4 day of August, 2015.
Joseph Lee Carpenter

DARA Z. PAGE
Notary Public - State of Nevada
County of Clark
APPT NO 15-1235-1
My App. Expires April 1, 2019

_____
NOTARY PUBLIC in and for said County and State.