1  DANIEL R. MCNUTT (SBN 7815)
   MATTHEW C. WOLF (SBN 10801)
2  CARBAJAL & MCNUTT, LLP
   625 South Eighth Street
3  Las Vegas, Nevada 89101
   Tel.: (702) 384-1170 / Fax.: (702) 384-5529
4  drm@cmlawnv.com
   mcw@cmlawnv.com
5
   Attorneys for Defendants
6
                      **UNITED STATES DISTRICT COURT**
7
                            **DISTRICT OF NEVADA**
8

9  MYSCHOOL, INC., a Nevada Corporation;  )  Case No.: 2:15-cv-01797-JCM-CWH
   JOSEPH CARPENTER, an individual,        )
                                            )
10                Plaintiffs,              )  **DEFENDANT ANGELES CREST**
                                            )  **WEB, LLC'S MOTION TO DISMISS**
11  vs.                                     )  **DUE TO A LACK OF PERSONAL**
                                            )  **JURISDICTION AND IMPROPER**
12  JUDD    LILLESTRAND,    an  individual; )  **SERVICE**
    MATTHEW GOATCHER, an individual;        )
13  ANGELES   CREST   WEB,   LLC;   Doe     )
    Individuals I through X, and Roe Corporations )
14  I through X,                            )
                                            )
15                Defendants.               )

16        On August 6, 2015, Plaintiffs Myschool, Inc. ("Myschool") and Joseph Carpenter

17  (collectively, "Plaintiffs") filed a complaint ("Complaint") in the Eighth Judicial District Court of

18  Clark County, Nevada, against Judd Lillestrand, Matthew Goatcher, and Angeles Crest Web, LLC

19  ("ACW") (collectively, "Defendants").  (ECF No. 1-2, Complaint.)  ACW respectfully requests

20  dismissal of the Complaint due to a lack of personal jurisdiction and improper service of process.

21                            **I.    INTRODUCTION.**

22        The claims against ACW belong in California because ACW is subject to neither general

23  jurisdiction nor specific jurisdiction in Nevada.  ACW is a California limited liability company.[1]

24  "[A]n LLC is a citizen of every state of which its owners/members are citizens."[2]  Mr. Goatcher is

25

---

[1] Ex. 1, Goatcher Decl., ¶ 4; *see also* Ex. 2, Printout from the California Secretary of State.
[2] *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

1  and has always been ACW's managing member and sole member.[3]  Mr. Goatcher is and at all
2  relevant times has been a citizen of California.[4]  ACW therefore is a citizen of California.

3  The Complaint is verified under oath.[5]  In the sworn-to Complaint, Plaintiffs allege that in
4  August 2014, Mr. Lillestrand "recommended that Plaintiffs hire Defendant Matthew [Goatcher] and
5  his entity Angeles Crest Web to assist in the development of Plaintiffs' Myschool web application."[6]
6  Plaintiffs allege they subsequently entered a contract with Mr. Carpenter and ACW for Mr. Carpenter
7  and ACW to provide software development services for Myschool's website.[7]  Plaintiffs' sole
8  jurisdictional theory is that this Court has jurisdiction over ACW because it contracted with Nevada
9  citizens.  (ECF No. 1-2, Complaint, ¶ 29) ("That personal jurisdiction by this Court over Defendants
10 is proper because Defendants entered into contracts with Plaintiffs, a Nevada corporation and a
11 Nevada resident, respectively.")

12 Even assuming *arguendo* that ACW contracted with Plaintiffs, that fact alone would be
13 insufficient to exercise jurisdiction over ACW.[8]  But the evidence shows ACW did not contract with
14 Plaintiffs.  On August 9, 2014, Mr. Lillistrand sent an email to Mr. Carpenter stating, "While I have
15 the bandwidth to take on a new project like this, I will not be able to dedicate 100% of my time."[9]
16 Thereafter, Mr. Lillestrand recommended that Mr. Goatcher work on the Myschool website for
17 Plaintiffs.[10]  On August 12, 2014, Mr. Lillestrand emailed Mr. Carpenter and said, "Ok, talked to
18 another developer [*i.e.*, Mr. Goatcher] who is a member of the Riverside Ruby Group and he said he
19 can team up with me on the project.  That makes me feel better about being able to make you a happy
20 client. I totally trust him. He said he can dedicate ~10 hours per week."[11]

---

[3]  Ex. 1, Goatcher Decl. 5.
[4]  ECF No. 4-1, M. Goatcher Decl. Sept. 21, 2015.
[5]  ECF No. 1-2, at pg. 17.
[6]  *Id.* ¶ 21.
[7]  *Id.* ¶¶ 23-24.
[8]  ECF No. 4, M. Goatcher's Motion to Dismiss, pg. 3, n.4 (citing case law demonstrating the mere fact a non-resident defendant enters a contract with a resident of the forum state is insufficient to give the forum state jurisdiction over the defendant).
[9]  Ex. 4, Lillestrand Email to J. Carpenter on Aug. 9, 2014.
[10] ECF No. 4-1, M. Goatcher Decl. Sept. 21, 2015, at ¶ 3.
[11] Ex. 5, Lillestrand Email to J. Carpenter on Aug. 12, 2014.

Later on August 12, 2014, Mr. Lillestrand emailed Mr. Carpenter and said, "I want to introduce you and go over a few things. His name is Matt, he is a good guy and I trust him. He also has a solid skill set in some areas I lack."[12] Mr. Lillestrand informed Mr. Carpenter "[t]he scope of the project is larger than I first realized. I see having another person on the team as a way to help increase the likelihood of me delivering quality software in a reasonable amount of time. Matt is strong in a few areas where I am not: particularly SQL."[13] Mr. Lillestrand told Mr. Carpenter, "I prefer you two have your own agreement", to which Mr. Carpenter responded, "Ok. I'll need to get something signed from him also if possible."[14] ACW was not discussed at any time during these communications.

Thereafter, on August 13, 2014, Myschool (doing business as myschool411.com), Mr. Carpenter, and Mr. Goatcher entered a written "Business Consultant Agreement" (the "Agreement").[15] ACW is not a party to the Agreement.[16] Hence, apart from being legally unsound, Plaintiffs' sole theory for the existence of jurisdiction over ACW (*i.e.*, that ACW contracted with Plaintiffs) is factually incorrect.

Notwithstanding the fact ACW is not a party to the Agreement, this Court does not have general jurisdiction or specific jurisdiction over ACW. As for general jurisdiction, ACW's principal and only place of business is and has always been in California.[17] ACW does not have and has never had any employees.[18] ACW has never advertised or solicited any products or services in Nevada, had a license to conduct business in Nevada, owned any real property in Nevada or any vehicles registered in Nevada, or paid any taxes in Nevada.[19] Simply put, ACW has no connection to Nevada.

As for specific jurisdiction, ACW has not purposefully directed activities towards Nevada, consummated business in Nevada, or purposefully availed itself of the privilege of conducting

---

[12]   *Id.*
[13]   *Id.*
[14]   *Id.*
[15]   ECF No. 4-2.
[16]   *Id.*
[17]   Ex. 1, Goatcher Decl. ¶ 7.
[18]   *Id.* ¶ 8.
[19]   *Id.* ¶ 9.

1    activities in Nevada.  Nor do the claims against ACW arise from any such conduct or activities.  Mr.
2    Goatcher, ACW's sole member, is the only person who has ever been affiliated with ACW.[20]  As set
3    forth in his pending Motion to Dismiss, Mr. Goatcher performed all services under the Agreement in
4    California and never traveled to Nevada in regards to the same.[21]  Moreover, forcing Mr. Goatcher to
5    travel to Nevada for depositions, court hearings, and other matters related to this action on behalf of
6    ACW would impose a tremendous financial burden upon him and interfere with the scheduling of
7    Mr. Goatcher's personal and business endeavors.[22]  Hence, this Court does not have jurisdiction over
8    ACW.  Plaintiffs have absolutely no legitimate justification or excuse for attempting to haul ACW
9    into a Nevada court.

10   In addition to the lack of jurisdiction over ACW, the claims against ACW should be dismissed
11   due to Plaintiffs' failure to effectuate proper service on ACW.  Both federal and Nevada law require a
12   plaintiff to serve a defendant with a summons.[23]  The summons must be directed to the defendant.[24]
13   A separate summons should be issued for each defendant.[25]  A process server left a single summons
14   and a copy of the Complaint on the doorstep of Mr. Goatcher's residence in Riverside, California.[26]
15   The summons was not directed to a specific defendant; rather, it was addressed vaguely "to the
16   Defendant(s)".[27]  Mr. Goatcher understood the summons and complaint to be intended for him alone
17   in his individual capacity.[28]  Because Plaintiffs neither obtained a separate summons for ACW nor
18   served upon Mr. Goatcher a summons directed to ACW, Plaintiffs have not properly served ACW.
19   The claims against ACW therefore should be dismissed for this independent reason.

---

[20]   Ex. 1, Goatcher Decl., ¶ 6.
[21]   ECF No. 4, M. Goatcher's Sept. 21, 2015 Motion to Dismiss, at 5:9 – 6:8.
[22]   ECF No. 4-1, M. Goatcher Decl., Sept. 21, 2015, at ¶ 23.
[23]   FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); *see also* NEV. R. CIV. P. 4(d) ("The summons and complaint shall be served together.")
[24]   FED. R. CIV. P. 4(a)(1)(B) ("A summons must . . . be directed to the defendant . . . ."); *see also* NEV. R. CIV. P. 4(b) ("The summons shall be . . . directed to the defendant . . . .")
[25]   FED. R. CIV. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."); *see also* NEV. R. CIV. P. 4(a) ("Upon request of the plaintiff, separate or additional summons shall issue against any defendants.")
[26]   Ex. 1, Goatcher Decl. ¶ 10; *see also* Ex. 3, Summons.
[27]   *Id.*
[28]   *Id.*

## II. STANDARD OF REVIEW CONCERNING JURISDICTION.

On September 21, 2015, Mr. Goatcher filed his pending Motion to Dismiss the Complaint for a lack of personal jurisdiction. (ECF No. 4.) ACW respectfully joins in the authorities in Mr. Goatcher's motion without repeating the same herein.

## III. LEGAL ARGUMENTS CONCERNING JURISDICTION.

### A. General Jurisdiction Over ACW Does Not Exist.

General jurisdiction requires continuous and systematic contacts with the forum. (ECF No. 4, M. Goatcher's Sept. 21, 2015 Motion to Dismiss, at 7:15 – 9:17.) ACW is a citizen of California because Mr. Goatcher, its sole member, is a citizen of California. ACW's principal and only place of business is and has always been in California. (Ex. 1, Goatcher Decl.) ACW does not have and has never had any employees. (*Id.*) ACW has never advertised or solicited any products or services in Nevada, had a license to conduct business in Nevada, owned any real property in Nevada or any vehicles registered in Nevada, or paid any taxes in Nevada. (*Id.*) Simply put, it cannot be said that ACW has any connections to Nevada equating to a physical presence in Nevada, as required for general jurisdiction. (ECF No. 4, M. Goatcher's Sept. 21, 2015 Motion to Dismiss, at 7:15 – 9:17.)

### B. Specific Jurisdiction Over ACW Does Not Exist.

Mr. Goatcher is the only person affiliated with ACW. (Ex. 1, Goatcher Decl.) Therefore, to satisfy the first two prongs of the Ninth Circuit's test for specific jurisdiction, ECF No. 4 at 9:22 – 10:3, Plaintiffs would have to establish that (**1**) through Mr. Goatcher, ACW purposefully directed activities towards Nevada, consummated business in Nevada, or purposefully availed itself of the privilege of conducting activities in Nevada, and (**2**) Plaintiffs' claims against ACW arise from such conduct or activities by ACW. For the very same reasons specific jurisdiction does not exist over Mr. Goatcher, ECF No. 4 at 9:18 – 12:6, it does not exist over ACW.

## IV. LEGAL ARGUMENTS CONCERNING SERVICE OF PROCESS.

A process server left a single summons and a copy of the Complaint on the doorstep of Mr. Goatcher's residence in Riverside, California. (Ex. 1, Goatcher Decl. ¶ 10.) The summons was issued by the Eighth Judicial District Court of Clark County, Nevada. (Ex. 3, Summons.) It was not

1  directed to a specific defendant; rather, it was addressed vaguely "to the Defendant(s)". (*Id.*)

2  ACW was not properly served because (**1**) Plaintiffs did not obtain a separate summons for ACW, and (**2**) Plaintiffs did not serve Mr. Goatcher with a separate summons addressed to ACW. FED. R. CIV. P. 4(a)(1) address the contents for a summons. Subsection 4(a)(1)(B) states, "A summons must . . . be directed to the defendant . . . ." FED. R. CIV. P. 4(b) also states, "A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Similarly, NEV. R. CIV. P. 4(b) addresses the form for a summons. It states, "The summons shall . . . be directed to the defendant . . . ." NEV. R. CIV. P. 4(a) also states, "Upon request of the plaintiff, separate or additional summons shall issue against any defendants."

The Ninth Circuit "require[s] 'substantial compliance with Rule 4.'"[29] "Without compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."[30] In *Viloria v. Premium Capital Funding LLC*, the District of Nevada (Hon. Kent J. Dawson) said the "Plaintiffs' use of the summons addressed to Premium Capital Funding LLC to serve Chase or any other Defendant was insufficient, because Rule 4(a)(1)(B) requires that a summons 'be directed to the defendant,' and Rule 4(b) requires that a separate summons be issued for every defendant to be served."[31] In *Holland v. HSBC N. Am.*, the District of Nevada (Hon. Gloria M. Navarro) granted defendant HSBC North America's motion to dismiss because "it is undisputed that HSBC never received a summons in this matter . . . ."[32] It said "[w]hile a technical defect in the form of a summons may still amount to substantial compliance with Rule 4, the failure to serve the defendant with a summons at all, cannot be considered 'substantial compliance' with the rule."[33]

---

[29] *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).
[30] *Behroozi v. New Albertsons, Inc.*, 2014 WL 5410708, at *1 (D. Nev. Oct. 23, 2014) (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).
[31] 2012 WL 4361252, at *2 (D. Nev. Sept. 20, 2012); *see also Verde Media Corp. v. Levi*, 2014 WL 3372081, at *2 (N.D. Cal. July 9, 2014) ("The summonses issued with the original complaint were defective because they named only Defendant Ron Levi, omitting any reference to any other defendants.")
[32] 2014 WL 4704592, at *3 (D. Nev. Sept. 23, 2014).
[33] *Holland v. HSBC N. Am.*, 2014 WL 4704592, at *3 (D. Nev. Sept. 23, 2014) (quoting *Anunciation v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996)).

Here, ACW was not served with a summons directed to it and, therefore, technically was not served period given the law requires the proper service of a summons to effectuate service of process.[34] Plaintiffs neither obtained a separate summons for ACW nor served Mr. Goatcher with a separate summons directed to ACW. For these reasons, this Court should conclude ACW has not been served with process and dismiss the claims against ACW.

## V. CONCLUSION.

WHEREFORE, ACW respectfully requests that this Court dismiss the Complaint due to a lack of personal jurisdiction and improper service of process.

DATED this 24th day of September, 2015.

CARBAJAL & MCNUTT, LLP

*/s/ Matt Wolf*
DANIEL R. MCNUTT (SBN 7815)
MATTHEW C. WOLF (SBN 10801)
CARBAJAL & MCNUTT, LLP
625 South Eighth Street
Las Vegas, Nevada 89101

Attorneys for Defendants

---

[34] FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); *see also* NEV. R. CIV. P. 4(d) ("The summons and complaint shall be served together.")

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that pursuant to F.R.C.P. 5 on the 24th day of September, 2015, I caused service of the foregoing **DEFENDANT ANGELES CREST WEB, LLC'S MOTION TO DISMISS DUE TO A LACK OF PERSONAL JURISDICTION AND IMPROPER SERVICE** by mailing a copy by United States Postal Service, postage prepaid and/or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address and e-mail:

Robert Z. DeMarco
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada  89101
Attorney for Plaintiffs

                                              */s/ Lisa Heller*
                                              Employee of Carbajal & McNutt, LLP