**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MY SCHOOL, INC., *et al*.,  )
          Plaintiffs,  ) Case No.  2:15-cv-01797-JCM-CWH
                              ) **ORDER**
vs.  )
JUDD LILLESTRAND, *et al.*,  )
          Defendants.  )

      This matter is before the Court on Defendants' Motion to Stay Discovery (doc. # 14),[1] filed October 13, 2015, and Plaintiffs' response (doc. # 21), filed November 2, 2015.  Defendants did not file a reply.

      Defendants move to stay discovery in the instant case, claiming a stay is warranted because Defendants have pending motions to dismiss in which Defendants ask the Court to dismiss the instant case due to a lack of personal jurisdiction and improper service of process.  Defendants add that they are likely to prevail, and requiring discovery at this juncture would place tremendous pressure on their finances, business endeavors, and personal lives, as they are based in California.

      Plaintiff, in response, asks the Court to deny Defendants' motion to stay because service was properly executed, Plaintiff's counsel is in the process of serving Defendant Judd Lillestrand ("Lillestrand"), the motion to dismiss on jurisdictional grounds will be denied, and only some (not all) claims in the complaint were challenged by Lillestrand.  Defendants did not file a reply.

---

[1] The Court notes that, on October 13, 2015, it declined to review the instant motion on an expedited basis.  See Doc. # 15.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); Landis v. North American Co., 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254. In exercising its discretion, the court must consider factors like, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976).

An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997).[2] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. See Tradebay, 278 F.R.D. at 603; see also Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam). Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." Tradebay, 278 F.R.D. at 601 (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)). Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay... will work damage to someone else." Dependable Highway Express, Inc. v. Navigators Insurance Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Therefore, the court must balance the competing interests affected by a stay such as, the "hardship or inequity which a party may suffer in being required to go forward." Lockyer v. State of California, 398 F.3d 1098, 1110 (9th Cir. 2005).

A review of the record reveals that a stipulated discovery plan was already filed on the record and granted by this Court.[3] See Doc. # 23. Nevertheless, the Court finds that Defendants have made the strong showing necessary to support a stay of discovery, which would promote efficiency and

---

[2] As noted in Tradebay, LLC v. eBay, Inc., "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. 597, 603 (D. Nev. 2011).

[3] The Court notes that Defendants, in the stipulated discovery plan (doc. # 23), assert that though they agreed to the discovery plan, they do not waive their arguments supporting their motion to stay discovery in this case. See Doc. # 23 at 2.

justice in this case.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay (doc. # 14) is **granted**.

**IT IS FURTHER ORDERED** that if the district judge denies the pending motions to dismiss (docs. # 4, # 5, # 12), then the parties must meet and confer and file a renewed discovery plan and scheduling order within 14 days from the date of the order denying the motions to dismiss. The proposed discovery plan must comply with Local Rule 26-1(e), with discovery deadlines measured from the date of the order on the motions to dismiss.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report 90 days from the date of this order.

DATED: November 13, 2015

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**